## Bank of the Metropolis, plaintiff in error v. William Jones.

14

The case was argued by Mr Coxe, for the plaintiff in error; no counsel appeared for the defendant.

Mr Justice M'LEAN delivered the opinion of the Court.

This cause was brought into this court, by writ of error to the circuit court of Washington county, in the district of Columbia. In that court an action was commenced by the Bank of the Metropolis against the defendant, on a promissory note drawn by Betty H. Blake, for the sum of five thousand two hundred dollars, dated the 27th of March 1822, payable in sixty

days, and negotiable at the Bank of the Metropolis, which note was indorsed by the defendant to the bank.

The defendant pleaded non-assumpsit, and the statute of limitations; but on the trial waved the latter plea.

The plaintiff proved the indorsement of the defendant, that the note was regularly protested for non payment, and due notice given.

On the trial, Betty H. Blake, the drawer of the note, was offered as a witness, after the defendant had executed to her a release from any responsibility on account of the costs of the suit, and the court permitted her to be sworn. Among other things, this witness gave in evidence to the jury, "that at the time of the death of her husband, Doctor James H. Blake, in the summer of 1819, there were several notes drawn by him running in the Bank of the Metropolis, and that he was also indebted to other persons in various sums. That when the notary came with one of said notes, to procure payment from her, she being the sole devisee and executrix of the last will and testament of said deceased, she objected to a renewal. Witness sent to general Van Ness, who was at the time the president of the Bank of the Metropolis, and whom her deceased husband, on his death bed, recommended her to consult. She informed him that she did not wish to renew the notes, but he advised her to amalgamate them in bank; that she informed him that she could not ask any one to indorse for her, and would prefer having the property sold and the debts paid. General Van Ness advised her against selling the property, as it was very valuable, and would increase daily in value, and that she had better procure some friend to indorse for her ; that the indorser would incur no responsibility, as the property was so valuable. In pursuance of this advice, she procured the indorsement of her son James, who was under age, and afterwards, when he had left the city of Washington, she procured the defendant to indorse for her, on stating to him the advice and information given to her by general Van Ness." Whereupon the counsel for the plaintiffs moved the court to overrule said evidence, and to instruct the jury that it was incompetent upon the trial of the said issue; but the court refused to do so, and they instructed the jury that the said evidence was com-

petent and proper for their consideration, to which opinion and instructions of the court, a bill of exceptions was taken.

The principle involved in this case, is substantially the same that was decided by this court in the case of the Bank of the United States v. Dunn, 6 Peters 51. In that case the court said, "it is a well settled principle, that no person who is a party to a negotiable instrument, shall be permitted, by his own testimony, to invalidate it." And this doctrine is sustained by reason and authority. If an individual whose name appears upon the face of a negotiable instrument, either as drawer, indorser or acceptor, shall be a competent witness to prove facts or circumstances which lessen or destroy its value, before or at the time he gives it currency, the credit of commercial paper could not be sustained. The rule laid down in 1 Term Rep. 296, on this subject is a sound one; and was sanctioned by this court in the case above cited.

On the part of the defendant in error, it is contended, that the witness objected to was not the only witness in the case; and that her testimony was competent as far as it went. That the court were not called on to decide whether the facts stated by the witness were sufficient in law to discharge the defendant from his responsibility; but whether they conduced to prove an imposition practised on him by the bank, which ought to discharge him.

If the testimony of the witness impaired the obligation of the note, it was inadmissible under the rule stated; and that this was the tendency of the evidence, appears from the facts stated and the argument just noticed. In the case cited, of the Bank of the United States v. Dunn, this court decided that Carr, who was an indorser after Dunn, was not competent to prove facts which would tend to discharge Dunn from the responsibility of his indorsement. And is it not clear, by the same rule, that in the case under consideration, the drawer of the note is equally incompetent to prove facts which tend to discharge the indorser?

In both cases the discharge of the indorser was urged on the ground that certain statements had been made by the officers of the bank, which induced the indorser to sign the paper, under a belief that by doing so he incurred no responsibility. As the ground already stated is clear, it is unnecessary to add,

in this case, as was stated by the court in the case of Dunn, that the officers of the bank had no authority, as agents of the bank, to bind it by the assurances which they gave.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby reversed; and that this cause be, and the same is hereby remanded to the said circuit court for further proceedings to be had therein, according to law and justice, and in conformity to the opinion of this court.