Cahuthbrs, J.,
delivered the opinion of the court.
The note under seal sued upon was given by the defendant to B. C. Hurley, for three hundred dollars, ini March, 1849, due the next October. It was endorsed to the plaintiffs in May of the same year. Tire consideration was the donation right to nine quarter sections of land in the State of Arkansas, of which a conveyance was made at the same time. The trade was made, and the note executed and endorsed in the State of Mississippi. The defense set. up to' the note by plea was, that fraudulent misrepresentations were made about the land, and that the consideration was entirely worthless. The verdict was for the' defendant and the plaintiffs appeal from the judgment of the court overruling their motion for a new trial, and other errors on questions of evidence in the progress of the trial.
The first objection, is that the court rejected the deposition of the endorser, B. C. Hurley, upon the ground that he was an incompetent witness for the plaintiffs. In this we think there was error.
The contract having been made, and the note endorsed, in the State of Mississippi, the rights of the parties *575 must be determined by their local laws. By them the maker of a note, bond, &c., for the payment of money &c., has a right to any defense against the endorsee, that he could have against the endorser or payee, on the ground of failure of consideration, payments, offsets, &c., which existed previous to notice of the assignment; Hutchinson’s Miss. Code, 641. A suit is also given to the endorsee against the endorser as in cases of inland bills of exchange. The only change here made in the general law, is to let in the same defenses on the part of the maker of a note or drawer of a bill, in the hands of an endorsee, that might be made against the payee, except such as may have originated after the maker had notice of the assignment.
This was the law before, except in cases of endorsements, before the paper was due, without. knowledge of the existence of the defense. And the only change made, was, to put all such negotiable paper, whether or not, upon the same ground, and subject it in the hands of an endorser, to all the defenses that could have been made before, in cases where the paper had been assigned after due or the suit was by the payee himself. The Miss. act. of 1822, ch. 59, § 58, It., 847, only places notes under seal, upon the same ground as those unsealed, as to the impeachment of the consideration.
The note, in this case, was assigned to the plaintiff before maturity; but still, under the statute referred to, as this contract, as well as the endorsement, were made in Mississippi, the defendant had a right to set up and insist upon the failure of consideration. But we- .cannot see what that had to do with the questions raised by this record. They do not arise upon the matter of the *576 defense and tbe issues to be tried, but tbe admissibility of a witness, and tbe competency of evidence under tbe issues. It is not controverted, tbat tbe defendant bad a right to shew a failure of consideration, but tbat be cannot do it by tbe endorser. This raises, a question which has been much debated in England and in this country, and on which tbe decision, there and here, have been conflicting and contradictory. We are not aware of any conflict between tbe laws of Mississippi and Tennessee, on this point; none has been shewn. It stands upon a general principle, common to both, and all tbe States. And as to tbe competency of an endorser, in a contest between tbe endorsee and maker, or another endorser, there is great conflict of authority, both in England and America, in some aspects of tbe question.
In Walton vs. Shelley, 1 Term. Rep., 296, an endorser was held inadmissible upon general grounds of public policy, to prove tbe note void for usury in its original concoction, in a suit by an innocent bolder. Lord Mansfield there says, it is “of consequence to mankind, tbat no person should bang out false colors to deceive them, by first affixing bis signature to a paper, and then afterwards giving testimony to invalidate it.” But in Jordain vs. Lashbrooke, 7 Term. R., 599, Lord Kenyon, giving tbe opinion of tbe whole court, reviews and overrules tbat case, and declares such a witness admissible, and states tbat the objection that be swears tbat to be false, which be bolds out to the world to be true, by bis signature, goes only to bis credibility with the jury. Tbe doctrine of this last decision, still prevails in England, and some of our States.
Mr. Greenleaf, § 385, upon a review of tbe authorities, comes to tbe conclusion, that in this country, it is settled *577 by tbe weight of authority, “ that the endorser of a negotiable security, negotiated 'before it was due, is not admissible as a witness to prove it originally void, when in the hands of an imiocmt endorsee.” This principle is sustained by an unbroken current of decisions in the supreme court of the United States; Bank of the U. S. vs. Dunn, 6 Peters, 51, 57; Bank of the Metropolis vs. Jones, 8 Peters, 12; United States vs. Leffter, 86, 94, 95; Scott vs. Loyd, 12 Peters, 149; Henderson vs. Anderson, 3 Howard, 73. Most of the States have concurring decisions. But the contrary, that is, that an endorser is a competent witness even to impeach the note in the hands of an innocent endorsee, is holden in some of the States, whose decisions are in general, received with the highest respect. The same author, in the first volume of his treatise on evidence, in a note at page 487, says, all these latter decisions against the rule in Walton vs. Shelley, except that in New Jersey, and the last case in New Hampshire, were made before the rule was adopted in the supreme court of the United States. It will be observed, that the contest has been to limit the general admissibility of the endorser as a witness, his competency not being otherwise brought in question. This exception is founded on public policy connected with the trade and commerce of the country. To this end, it is deemed of the highest importance to promote, and preserve the credit, and free circulation of negotiable paper. This would be seriously affected if a party upon it, were permitted to invalidate and destroy it, after sending it forth into the channels of trade, with the stamp of his signet upon it. He shall not be heard to say, to the injury of an innocent holder, any thing that would contradict the *578 necessary inference from bis endorsement, that tbe paper is genuine, worthy of all credit. This rule is, however, limited to cases where the paper is negotiable, and has been transferred before due to one innocent of any objection which should dishonor it. If past due it stands dishonored already, and the reason does not apply.
With this limitation and exception, an endorser is a competent witness in a suit by the holder, against another endorser, or against the drawer or maker for either party, unless he is, on some other account, disqualified. He is, of course, subject to the same objection as any other witness, on other general grounds. If he be interested in the event of that suit, he is incompetent. But, in general, the interest will be found equal, on both sides; and in eases where the interest of a witness is equally balanced, he is admissible for either party; 1 Greenl., §§ 399, 420. It is not enough that the endorser, by defeating the action then pending, may probably save himself from an action; this only goes to his credit; lb., § 400. This author, in the same section, lays the law down broadly to be, that “in an action by the endorsee against the drawer or acceptor, the endorser is, in general, a competent witness for either party.” This court, in the case of Bailey & Cochran vs. Cooper, et als., 5 Humph., recognize, in general terms, the same rule.
In the case before us, the witness, Hurley, would be liable to the plaintiff on his endorsement, if he had been legally notified of demand and refusal, which might probably have subjected him to a suit, in case of failure of that suit against the maker; but then, on the other hand, if the plaintiff succeeded, and the defendant had the money to pay, the witness would be liable to him for the amount recovered on account of the failure or fraud in *579 the original consideration. So, here was a case of balanced interest; and consequently, there is no ground of objection on that score. By reason and authority, then, we are brought to the conclusion that an endorser is a competent witness for either party, with the exceptions before stated.
2. The plaintiff had taken the deposition of M. B. Peterson, to whom he propounded this interrogatory: “Did you ever present said note to defendant, or tell him you had it; and if so, what did hé say; and when did you present said note to Mr. Anderson for payment ? ”
The witness answered it, stating the fact that he had called upon defendant with the note, to which he made no objection, and promised to pay it as soon as he obtained returns from the sale of some cotton. But the witness went on to say, that some time afterwards he met with the defendant, who introduced the subject himself, and said he would not pay the note; that he had been to see the land, and it was entirely valueless, and a fraud had been practiced upon him in the sale by Hurley.
This last part of the deposition was proposed by the plaintiff to be stricken out as inadmissible evidence, and not responsive to his question. This the court refused to do, and required the whole deposition, to be read to the jury as evidence.
This question came before us at the last term at Nashville, and we decided, upon full consideration, that it was competent for a party who had taken a deposition, into which illegal or incompetent matter had been voluntarily introduced by the witness, to strike it out, on motion,, and exclude it from the jury.
*580 Tbe statements of a party would be admissible evidence for Mm, if drawn out by the opposite party; but not so, if thrust into the answer of a question to which they are not responsive. Here, the question called for what was said by the defendant, on the presentation and demand of the note, and not at any other time. All he said at that time, would be evidence for, as well as against him; but the answer could go no further than the question, in legalizing matter, which would be inadmissible, unless it were called for by the party, or was fairly embraced in his interrogatory. The court,' therefore, erred in not sustaining the motion to strike out this part of the deposition, and compelling the plaintiff to read it to the jury.
For these errors, the verdict will be set aside, and a new trial granted.