GOODWIN *versus* CHADWICK.

In an action by the indorsee against the maker of a negotiable note, the indorser, if not interested, is not precluded, by any rule deduced from *public* policy, from testifying to the original execution and validity of the note.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT by the indorsee against the alleged maker of a negotiable note, indorsed by the payee "*without recourse.*"

The signature of the defendant was denied.

To prove the signature, the plaintiff released the indorser and offered him as a witness. The defendant objected to him, as being inadmissible on the ground of public policy. He was however admitted, and the defendant excepted.

*Shepley* and *Hayes*, for the defendant.

Ever since the case of *Churchill* v. *Suter*, 4 Mass. 156, it has been settled on *grounds of public policy*, that the payee of a promissory note, who has indorsed it, is not a competent witness for the defendant, in a suit by the indorser against the maker, to testify to any facts affecting the original liability of the maker. *Adams & als.* v. *Carver & als.* 6 Greenl. 390; *Lane* v. *Padelford*, 14 Maine, 94; *Clapp* v. *Hanson*, 15 Maine, 345; *Abbott* v. *Mitchell & al.* 18 Maine, 354; *Davis* v. *Sawtelle*, 30 Maine, 389.

While the law, by a rule demanded by public policy, thus deprives a *defendant* of the testimony of a witness, who may know that the note in suit never was signed by the defendant, why should a *plaintiff* be permitted to have the benefit of such a man's testimony, to prove the execution of such a note?

If public policy must prohibit a man, who has given cur-

rency to a negotiable note by his indorsement, from testifying that it was not executed by the party whose name appears as that of the maker, fair dealing and equal rights under the law to parties litigant would seem to require the exclusion of testimony from the same witness, showing that the note *was* executed by the alleged maker. "Right and justice" ought to be administered equally and impartially, as well as "freely and without sale," &c.

It is not seen why a witness who is not allowed to testify for the defendant in an action, that the note in suit was *not* signed by him, should be permitted to testify for the plaintiff that the note *was* signed by the defendant?

It is believed that none of the many cases, decided upon the admissibility of such a witness, have turned upon the question of policy. They have all turned upon the question of interest.

*Eastman* and *Leland*, for the plaintiff.

HOWARD, J. — Generally, a party to a bill or note, if not interested in the event, and not otherwise disqualified, is a competent witness in a suit between other parties to the instrument. But in this State, the payee of a negotiable promissory note, who has indorsed it, "*without recourse*," is held to be an incompetent witness to prove it originally void. This rule of law, supposed to be founded in public policy, favoring the security and circulation of negotiable paper, has been adopted and settled too long, and too firmly, to be now changed without serious inconvenience to the public. *Deering* v. *Sawtel*, 4 Maine, 191; *Chandler* v. *Morton*, 5 Maine, 374; *Clapp* v. *Hanson*, 15 Maine, 345; *Abbott* v. *Mitchell*, 18 Maine, 354; *Davis* v. *Sawtelle*, 30 Maine, 389; *Berry* v. *Hall*, 33 Maine, 493.

The same rule has been sustained by the Supreme Court of the United States. *Bank* v. *Dunn*, 6 Peters, 51; *Bank* v. *Jones*, 8 Peters, 12; *United States* v. *Leffler*, 11 Peters, 86, 94; *Henderson* v. *Anderson*, 3 Howard, 73; *Smyth* v. *Strader*, 4 Howard, 404. It has been adopted in Mas-

sachusetts and Pennsylvania, and rejected in New Hampshire and New York, and received and denied in other States respectively. See Chitty on Bills, (11th American from 9th London edition,) 669, notes 1 and 2, and cases there cited from the Reports of the different States.

Since the decision in *Jordaine* v. *Lashbrooke*, 7 T. R. 599, the rule has been in England, that a party to an instrument, whether negotiable or not, if not disqualified in other respects, is a competent witness to prove any admissible facts affecting the rights of other parties to the instrument. The doctrine there, and in those States where the rule of exclusion has been rejected, is an extension of the rule as adopted in this State. There, the witness offered in this case, would have been competent to testify generally; and here, under a more restricted rule, he was competent to prove the execution, but not to impair the original validity of the note. *Abbott* v. *Mitchell*, 18 Maine, 354; *Rice* v. *Stearns*, 3 Mass. 225.

*Exceptions overruled.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.