(Decided 23d February, 1870.)

HENRY J. LEPPOC, and others, *vs.* THE NATIONAL UNION BANK OF MARYLAND, Garnishee of A. B. DAVIDSON.

### Evidence—Delivery of Deeds.

A committee of the Union Bank agreed with D to purchase from him a certain tract of land, provided the Board of Directors of the Bank would assent to it, and the counsel of the bank would approve it. Thereupon D had the deed prepared, procured a revenue stamp from the cashier of the bank, and notified him that he intended to have it recorded. It was

then duly acknowledged and recorded. L, a judgment creditor of D, then laid an attachment in the hands of the bank. The purchase was afterwards disapproved by the bank's counsel, D notified of the disapproval, and the property re-conveyed by deed to D.   HELD:

1st. That evidence was admissible to show the arrangement and understanding on which the deed was to have been made; the rule which excludes parol evidence to affect that which is written not being infringed by the admission of such evidence to show that the instrument was *void*, or that it never had any legal existence or binding force, for want of due delivery and acceptance.

2d. That the acceptance of the deed by the bank being dependent on events which never occurred, there was no such delivery of the deed as to make the bank responsible under the attachment process; nor can the making of the deed and placing it on record by the grantor, without sufficient legal sanction of the bank, charge the bank as grantee.

3d. That, while a deed, duly acknowledged and recorded, will be treated as having been delivered to and accepted by the grantee, in the absence of all proof to the contrary, those facts only give rise to a *prima facie* presumption, liable to be repelled.

4th. That, whatever was said or done by the president and cashier of the bank, or either of them, in reference to the purchase, not appearing to be authorized, would not bind the bank, because not within the scope of their ordinary duties.

5th. That, if the action of the president and cashier amounted to an acceptance of the deed, it was only a conditional acceptance, and the bank never assumed any liability under it.

6th. That the deed of re-conveyance could only operate as a disclaimer of record, and not as evidence, either by way of estoppel or otherwise, of the acceptance of the previous deed.


APPEAL from the Superior Court of Baltimore City.

The appellants, the plaintiffs below, having obtained a judgment against A. B. Davidson, issued an attachment thereon, which was laid in the hands of the appellee; *nulla bona* was pleaded, and issue joined thereon.

At the trial of the cause the plaintiffs offered in evidence a deed, dated March 27, 1867, from Davidson and wife, which, in consideration of $50,000 to them paid by the bank, conveyed to the bank a tract of land in Baltimore county.   They

138          MARYLAND REPORTS.

Leppoc, *et al. vs.* National Union Bank of Maryland, Garnishee.

also proved by Davidson that the consideration money had never been paid to him. Upon cross-examination he proved that he was to have received about $2,500 from the bank, in case the arrangement between them had been carried out. That, by this arrangement, the bank was to pay about $18,000 of liens on the property, retain $9,000 to meet a judgment against him, and then to retain $20,000 in satisfaction of its own claim against him, for about $27,000, and pay over the balance to him.

It was in evidence that a committee of the bank had agreed with Davidson to make this arrangement, provided the Board of Directors would consent to it, and the counsel of the bank should approve of it. It was also proved that if this arrangement had been carried out it would have released certain collaterals, worth at least $2,000, which the bank held as security for the debt due by Davidson.

Davidson, without waiting for the sanction of the Board on the approval of the bank's counsel, had the deed prepared by his counsel, executed it, and got from Mr. Mickle, the Cashier of the bank, $50 to pay for a United States stamp, and then gave the deed to his counsel, to have it recorded, who immediately put the deed upon record, and, on the same day, confessed judgment against Davidson to the amount of more than $20,000. It was also proved by Davidson that "the only objection the bank made to the deed was, that it had not been approved by their counsel," and Mr. Mickle testified that he interlined in the deed, before its execution, the words, "at Baltimore;" that he told Davidson to leave it for the inspection of Mr. Taylor, (the President of the bank,) and of the bank's counsel; that he handed the deed back to Davidson, after making the above correction, who told him he was going to take it or send it to Towsontown to be recorded. After the deed had been thus executed and put on record by Davidson, the matter was submitted to the counsel of the bank, who was of opinion, and so advised the bank, that the proposed arrangement was in violation of the bankrupt law, and that the deed

did not pass a valid title to the property it conveyed. Notice of this was given to Mr. Davidson, and the bank declined to carry out the arrangement, and afterwards, on the 25th of May, 1867, the property was re-conveyed to Davidson.

The plaintiffs offered the following prayers :

1. If the jury shall find, from the evidence, that the defendant, (Alexander B. Davidson,) and his wife, on the 27th of March, 1867, executed and acknowledged the deed of that date to the garnishee, which has been offered in evidence, and that said deed was prepared and executed, and placed upon record, with the privity of, and without disapproval by the garnishee, and that the garnishee furnished the money to pay for the revenue stamp thereon, and that the garnishee received into its possession the said original deed, after the same had been recorded ; and shall further find that no part of the consideration money named in said deed has been paid by the garnishee, but that, by an agreement between it and the said A. B. Davidson, the garnishee was to apply a portion thereof to the satisfaction of certain liens then outstanding on the land conveyed, and another portion thereof towards the payment of a claim of its own against the said Davidson, and was to pay over the residue to the said Davidson, and was also to release the collaterals deposited with it by said Davidson to secure the amount of his indebtedness to said garnishee, then the jury shall find for the plaintiff, for such sum (not exceeding the amount due upon the judgment attached for in this case) as they shall find was due under the agreement aforesaid by the garnishee to the said A. B. Davidson, at the time the said attachment was laid in its hands, together with the value of the securities deposited, as above, with the garnishee.

2. If the jury shall find from the evidence, that the defendant, (Alexander B. Davidson,) and his wife, on the 27th of March, 1867, executed and acknowledged the deed of that date to the garnishee, which has been offered in evidence, and that said deed was prepared and executed, and put upon record with the privity, and without the dissent of the Presi-

dent and Cashier of the garnishee, and that on the following day the making and recording of the deed was communicated to the Board of Directors of the garnishee, who thereupon passed the resolution, given in evidence by the garnishee, and that the said deed was submitted to the inspection of the counsel of the garnishee on the Thursday week following its date, who thereupon disapproved of the same, and that the garnishee, on the 25th of May following, executed the deed to A. B. Davidson, which has been offered in evidence; and shall further find, that no part of the consideration money named in said deed has been paid by the garnishee, but that by an agreement between it and said A. B. Davidson, the garnishee was to apply a portion thereof to the satisfaction of certain liens then outstanding on the land conveyed, and another portion thereof towards the payment of a claim of its own against the said Davidson, and was to pay over the residue to said Davidson, and was also, on being thus satisfied for its own claim, to release from pledge certain securities of the said A. B. Davidson, deposited with it as collaterals, to secure said indebtedness from him to it; then the jury shall find for the plaintiffs for such sum (not exceeding the amount due upon the judgment attached for) as they shall find was due under the agreement aforesaid, by the garnishee to the said A. B. Davidson, at the time the said attachment was laid in its hands, together with the value of the securities deposited as above with the garnishee, (the amount of their verdict, however, not to exceed the amount due upon the judgment attached for.)

3. And that all the evidence tending to show that the said deed was accepted by the garnishee, subject to the subsequent approval or disapproval thereof by the garnishee's counsel, is inadmissible, and is not to be considered by the jury.

And the garnishee offered the following prayer:

If the jury find from the evidence, that the arrangement between Davidson and the garnishee in reference to the payment of the consideration money mentioned in the deed of

March 27th, 1867, offered in evidence, was conditional, and was not to become operative and obligatory until the taking of said deed upon the terms of said arrangement should be approved of by its Board of Directors, and said deed should be approved by I. N. Steele, its counsel, and that said Board referred the matter to its said counsel, and he disapproved of said deed, and said disapproval was communicated to Mr. Davidson, and the property mentioned in said deed was conveyed back to him by the garnishee, by the deed of May 25th, 1867, offered in evidence, then the plaintiffs are not entitled to recover.

The Court rejected the prayers of the plaintiffs, and granted the prayer of the garnishee; and the verdict and judgment being for the garnishee the plaintiffs appealed.

The cause was argued before STEWART, MAULSBY, BRENT, MILLER and ALVEY, J.

*John Henry Keene, Jr.,* for the appellants.

The deed has a settled legal construction, and the parol testimony of witnesses, was inadmissible to contradict it; the common, the Scotch and the civil law all agree in this, *contra scriptum testimonium non scriptum testimonium non fertur.* 1 *Greenleaf on Evidence,* (8 *Ed.,*) 275, 276, 277.

To have admitted the oral evidence of witnesses, as a substitute for instruments to which, by reason of their superior authority and permanent qualities, an exclusive authority is given by law, was to substitute the inferior, for the superior degree of evidence. *Meres vs. Ansel,* 3 *Wilson,* 275; *Buckler vs. Millerd,* 2 *Vent.,* 107.

The deed operated as a legal conveyance of the property, to the garnishee, notwithstanding the alleged parol "conditional arrangement," and when it was executed and put upon record, the deed was valid and effectual, without the approval of the grantees or its counsel, and the grantors' title became completely divested.

The assent of the party who takes is implied, because there is a strong intendment that it is for a person's benefit to take, and the rule is well established "*stabit presumptio donec probetur in contrarium.*"     *Thompson vs. Leach*, 2 *Vent.*, 201 ; *Doe, ex. dem. Garnons, vs. Knight*, 5 *Barn. & Cress.*, 671 ; *Barlow vs. Heneage, Prec., Chan.,* 211 ; *Clavering vs. Clavering, Prec. Chan.*, 235 ; *Marbury vs. Brooks*, 7 *Wheaton*, 556 ; *Maynard vs. Maynard*, 10 *Mass.*, 462.

It is only a deed operating as an escrow, that can owe its vitality to a subsequent act of the grantee.     The middle ground on which the garnishee sought to stand, could only have been attained by a delivery of the deed to a stranger, to hold subject to the performance of some condition, or to have waited on the approval of the bank and its counsel, so that either the deed was delivered by the grantor, and accepted by the grantee as a valid instrument, or its validity waited upon the performance of some condition precedent thereto, in which latter case it operated undoubtedly as an escrow, and the authorities are overwhelming, without an exception, that such delivery of an escrow to the grantee is a valid delivery.

The cashier is the executive officer of the bank, and his acts, done in the course of the business transactions of the bank, are binding upon the corporation, because he is its regularly authorized agent for their transaction; the sphere of that agency embraces *ex rei necessitate,* operations looking to the security of its debts, and if there were any special restrictions which limited his powers in that department, the obligation of showing such restrictions, rested on and should have been shown by the corporation.     *State vs. Commercial Bank*, 6 *S. & M.*, 218 ; *Robb vs. Ross County Bank*, 41 *Barb.*, 586 ; *Crocket vs. Young*, 1 *S. & M.*, 241 ; *Bridenbecker vs. Lowell*, 32 *Barb.*, 9 ; *Bank of Penn. vs. Reed*, 1 *W. & S.*, 101.

*I. Nevett Steele*, for the appellee.

The appellants, by their attachment, stood in the shoes of Davidson, and could claim no other or greater rights against

the bank than those which belonged to him.    He had no claim against the bank, because the agreement made with him, was expressly conditional, and was only to become obligatory and operative upon its approval by the bank's counsel.

The counsel of the bank having disapproved of it, on the ground that it was forbidden by law, there was an end of it, and the appellants had no more right than Davidson to compel the bank to pay its money and take a bad title.    The attaching creditor, who seeks to condemn money alleged to be due to his debtor, under a contract with a third person, is bound by the terms and conditions of the contract as fully as the debtor himself.    *Balt. & Ohio R. R. vs. Wheeler*, 18 *Md.*, 378, 379 ; *Poe vs. St. Mary's College*, 4 *Gill*, 503 ; *Drake on Attachment, secs.* 223, 498, 523.

ALVEY, J., delivered the opinion of the Court.

The deed of Davidson and wife to the bank was made on the 27th of March, 1867, and the attachment was laid in the hands of the latter on the 3d of April following, and before the deed of re-conveyance from the bank to Davidson.    The case was tried in December, 1868, on the plea of *nulla bona* by the bank, and the question raised by the prayers embraced in the bill of exception taken by the appellants, is, whether the deed of the 27th of March, 1867, was duly delivered to and accepted by the bank, so as to conclude and bind it as against the grantor and his creditors.

It was objected in the Court below, and also in this Court, that evidence of the arrangement and understanding on which the deed was to have been made to and accepted by the bank, was inadmissible, as being in contravention of the solemn agreement of the parties, evidenced by the deed itself.    But we think there is nothing in this objection, and that the Court below was right in admitting the evidence.    Evidence of delivery and acceptance of a deed is always from the nature of things, extrinsic, being in no case furnished by the contents of the deed itself.    Delivery may be inferred from

circumstances, and, generally, the intention of the grantee to accept the deed will be presumed, if nothing to the contrary be shown, as the law intends that a party will accept what is for his benefit. But to constitute a good delivery and acceptance, the intention of both grantor and grantee is essential, and whether there was such intention and consent on the part of both parties in reference to the deed in question, was matter of fact to be found by the jury. And the rule which excludes parol or verbal evidence to affect that which is written, was not at all infringed by the admission of such evidence to show that the instrument was *void,* or that it *never* had any legal existence or binding force, for want of *due delivery and acceptance.* 1 *Greenl. Ev.,* sec. 284.

In this case, the whole question of the liability of the bank depends upon the facts submitted to the jury by its prayer, which was granted, and according to which the verdict was found adverse to the appellants. The facts thus submitted to the finding of the jury were, that the arrangement between Davidson and the bank in reference to the payment of the consideration money mentioned in the deed of the 27th of March, 1867, was conditional, and that the deed was not to be accepted, or become operative and obligatory until the term of the proposed arrangements should be approved of by the board of directors and of its counsel. That the board referred the matter to its counsel, and he, disapproving of the deed, and advising against it, the fact of such disapproval was communicated to Davidson, the grantor, and thereupon, on the 25th of May, 1867, the property was re-conveyed to him by the bank. These facts having been found by the jury, the question is, whether there was any obligation existing at the time of laying the attachment, on the part of the bank, to pay and apply the consideration mentioned in the deed of the 27th of March, 1867, according to the understanding upon which the deed was to be made? For if the obligation was then complete and binding on the bank, no subsequent re-conveyance by it to Davidson could affect the appellants' rights as attaching creditors.

But, had the deed been accepted by the bank at the time of laying the attachment?   As matter of law, on the facts found by the jury, we are bound to say that it had not been accepted. The delivery of the deed was certainly essential to the transfer of the property; and, without such transfer, no obligation was imposed on the bank.   The delivery, to be effectual, required acceptance of the deed by the bank, and, as we have seen, that was dependent on events that never occurred; and, although the deed was made and placed on record, these were acts of the grantor, without sufficient legal sanction of the bank to charge it, as grantee.   To constitute a good delivery, says the Supreme Court of the United States, in *Younge vs. Guilbeaa,* 3 *Wall.,* 636, "the grantor must part with the possession of the deed, or the right to retain it.   Its registry by him is entitled to great consideration upon this point, and might, perhaps, justify, in the absence of opposing evidence, a presumption of delivery.   But here, in (that case,) any such presumption is repelled by the attendant and subsequent circumstances.   The registry, was, of course, made without the assent of the grantee, as he had no knowledge of the existence of the deed, and the property it purported to convey always remained in the possession and under the control of the grantor."   And, in the cases of *Hutchins vs. Dixon, Ex'r of Hooper,* 11 *Md.,* 29, and *Phelps & Stewart's Lessee vs. Phelps,* 17 *Md.,* 120, it was decided by this Court, that, while a deed duly *acknowledged and recorded,* will be treated as having been delivered to and accepted by the grantee, in the absence of all proof to the contrary, those facts only give rise to a *prima facie* presumption, liable, of course, to be repelled.

But, it is supposed that the bank, in this case, manifested its acceptance of the deed by the conduct of its officers; and the prayers of the appellants, which were rejected, were founded on the facts that the officers of the bank were made aware of the making and recording of the deed by Davidson, and did not dissent; that the Cashier furnished the revenue stamp

for the deed; that the original deed, after being recorded, came into the possession of the Cashier; and that the property was subsequently re-conveyed by the bank to Davidson, as being legally sufficient to warrant the Court in declaring that the deed of the 27th of March, 1867, had been accepted.

In regard to the proposition involved in the appellants' prayers, it is sufficient to say that, in the first place, whatever was said or done by the President and Cashier of the bank, or either of them, in reference to the matter, not appearing to be authorized, would not bind the bank, because not within the scope of their ordinary duties. *The City Bank of Baltimore vs. Bateman,* 7 *Har. & John.,* 104; *Bank of the United States vs. Dunn,* 6 *Pet.,* 51; *Bank of Metropolis vs. Jones,* 8 *Pet.,* 12. And, in the second place, the whole proposed arrangement under and by which the deed was to be made and accepted, was only conditional, and was expressly made subject to the approval of the Board of Directors and of its counsel. The Board only approved of it provided the title to the property would be valid, and the agreement should be found feasible. It was advised, and became satisfied, that such would not be the case, and of that fact Davidson was notified, and the negotiation ended. This conditional arrangement, then, was never consummated, and the bank never assumed any liability under it. It was all mere matter of negotiation, without accomplishing the objects the parties had in view.

As to the deed of re-conveyance, given in evidence by the appellants, it must be taken with its recitals and according to which the deed of the 27th of March, 1867, was made with the understanding that it should be accepted, if approved by the counsel of the bank, *but not otherwise;* and that it was filed for record without such approval. Such being the case, as shewn by the appellants' own proof, the deed of reconveyance could only operate as a disclaimer of record, and not as evidence either by way of estoppel or otherwise, of the acceptance of the previous deed of the 27th of March, 1867.

The conditional arrangement between Davidson, the defendant in the attachment, and the bank having thus failed, it is very clear that the former had no claim against the latter in respect of such proposed arrangement; and as the appellants, who seek by their attachment to be substituted to the rights of their debtor, could occupy no better position than Davidson himself, and could only claim condemnation of what was really due to him from the bank, it follows that they could take nothing by their attachment.

Approving of the several rulings of the Court below, to which exception was taken, we affirm its judgment.

*Judgment affirmed.*

