JOSEPH C. GREENAWALT v. A. S. WILSON, *as Receiver of the First National Bank of Greenleaf.*

1. CASES, *Followed.* The cases of *Asher v. Sutton*, 31 Kas. 286, and *National Bank v. Drake*, 29 id. 311, followed.

2. REPLEVIN—*Demand—Refusal.* Where a defense in a replevin action is founded upon title in a defendant, and the right of possession incident thereto, the failure of proof of the demand and refusal is not sufficient to justify a reversal of the judgment in favor of the plaintiff. (*Raper v. Harrison*, 37 Kas. 243; *Schmidt v. Bender*, 39 id. 437.)

3. RECEIVER—*Collateral Attack.* The appointment and the retention of a receiver cannot be collaterally attacked.

4. AGISTMENT—*Enforcement of Lien—Conversion.* A person claiming a lien for feeding horses or other live stock has the right of possession until the debt is paid, but he can do nothing else to enforce payment except in pursuance of the statute providing for the enforcement of such a lien. If such person makes a sale of the stock in his possession, without complying with the provisions of the statute for the enforcement of his lien, the owner of the stock may resume possession thereof, or bring an action for the conversion of the same. —

*Error from Atchison District Court.*

ON June 10, 1889, *A. S. Wilson*, as receiver of the First National Bank of Greenleaf, filed his petition in the district court of Atchison county against *Joseph C. Greenawalt*, alleging his (Wilson's) appointment as such receiver, on October 18, 1888, his giving bond, and taking the oath required by law; that on March 5, 1889, he was directed by a proper order of the district court of Washington county, Kansas, to institute and prosecute this action, and that by reason of his appointment as such receiver he became the owner of the horse "Wartrace," of the value of $2,000, and that defendant, on the 8th day of June, 1889, unlawfully converted the horse to his own use. The defendant below filed a general denial, duly verified. After a trial by jury and verdict for plaintiff below, judgment was rendered for plaintiff in the sum of $1,000 and costs, which defendant below, plaintiff in error, now seeks to reverse.

*Geo. H. Roberts*, for plaintiff in error:

The plaintiff in error contends that the receiver never had any title or claim of ownership or right of possession whatever in said horse, or could have; that there was no conversion, no cause of action existed. These allegations were not proved. 1 Add. Torts (4th Eng. ed.), 452, and cases cited.

E. D. Nims, from whom Greenawalt derived and obtained his title, had an agister's lien upon the horse at the time of the appointment of the receiver. The receiver was not entitled to the possession of the horse at any time until that lien was satisfied; and before any receiver was appointed, Smith, as specially-authorized agent of the bank, had the right to dispose of the assets of the bank, settle up its affairs, and pay the debts of the bank. Nims's claim was a special lien; neither Smith, the bank nor the receiver could cut down his claim below a reasonable compensation, and could not take possession of the property without his consent.

The court's instruction No. 5 was erroneous, assuming the province of the jury. Under the evidence, determining

whether a sale had or had not been made, should have been left to them to find. This, we insist, was error on the part of the trial court, as also the refusal of defendant's seventh and eighth instructions.

The receiver's possession, without Nims's knowledge or consent, was wrongful, and gave him no right, and Nims was rightfully in the possession of said horse. Beach, Rec., §§ 203, 641, and cases cited.

To have constituted any conversion, as against defendant, Greenawalt, there must have been evidence of a demand and refusal. 1 Add. Torts (4 Eng. ed.), 398, 399, and cases cited; *Gillet v. Roberts*, 57 N. Y. 28. It was conceded that Greenawalt was an innocent purchaser of this horse; the jury so found, at least from E. D. Nims, and that Nims had made an arrangement with the bank to keep the horse, and no cause of action could exist or arise against Greenawalt only after demand and refusal. Beach, Rec., § 643.

The court erred in the admission and rejection of testimony upon the trial.

The petition shows upon its face that the cause of action in this case did not arise until long after the court authorized this suit. Beach, Rec., §§ 650, 651; 18 Kas. 150, 361; 22 id. 414; 30 id. 680.

The moment A. S. Wilson became a citizen of Iowa, or the moment he moved there with the intention of remaining, he became at that moment a nonresident of Kansas, and his powers as receiver in this state ceased — his office was vacant. *Bawden v. Stewart*, 14 Kas. 355; Const., art. 3, § 11. The receiver is an officer of the court — the arm of the court — the agent of the court — and by becoming a nonresident his office as receiver ceased.

*Solomon & Bland*, for defendant in error:

The pretended sale of the horse, on December 8, conveyed no title, and if Greenawalt had become purchaser at that sale he would not have obtained title. The board of directors of the bank never authorized Smith, as president, and Nims, as

cashier, or either of them, to make such sale of the bank's property. Nims and Smith, *virtute officii*, without such authority from the directors, could make no valid sale. *Asher v. Sutton*, 31 Kas. 286; *National Bank v. Drake*, 29 id. 325; Morse, Banks, 107.

The court very properly instructed the jury that no sale was made by Nims under the lien he may have claimed for keeping said horses, for the reason that the requirements of the statutes of this state were not complied with by him. If he had a lien at the time of the sale, on December 8, 1888, it was purely statutory. No such lien existed at common law, and to enforce it he must comply with the statute, and he says he did not sell them in satisfaction of his lien. As the lien of a livery-stable keeper is purely statutory, it is for him to comply with all the conditions which the statute requires. 1 Jones, Liens, §§ 685, 1034; *Longstreet v. Phile*, 39 N. J. L. 63. See, also, *Elwood v. National Bank*, 41 Kas. 475, 480.

The right of possession in the receiver, after qualifying and giving bond, vested, *eo instanti*, as of the time of his appointment; and when he first took possession of the horse, on October 19, his possession was rightful, and Nims, being a debtor instead of a creditor of the bank, or of the receiver, could not have replevied the horse from the receiver. *Gardner v. Risher*, 35 Kas. 93, 97, 98; *St. L. Ft. S. & W. Rld. Co. v. Chenault*, 36 id. 51, 55.

Nims and Smith were guilty of conversion when they sold the horse, on December 8, 1888, whether sale was made to Nims or a third party; and Nims was again guilty of conversion when he sold the horse to Greenawalt; and Greenawalt was guilty of conversion when he refused to deliver the horse upon demand to the receiver before suit was commenced.

That a demand before suit was made, see Frame's evidence, and Barry's, and Greenawalt's. The unusual precaution was taken not only to have Frame make demand, but also to have the sheriff do so, and Greenawalt himself substantially admits Frame's demand before commencement of suit, although he states he does not recollect exactly what was said.

But if a demand had not been made, under the circumstances of this case, the defendant's claim of title and ownership, and the circumstances showing that the demand would have been unavailing, obviated the necessity thereof and completed the conversion. Cobbey, Repl., § 474; *Gottlieb v. Hartman*, 3 Colo. 53; *Wood v. McDonald*, 66 Cal. 546; *Raper v. Harrison*, 37 Kas. 243; *Woods v. Hamilton*, 39 id. 69; *Schmidt v. Bender*, 39 id. 437.

There is no material error in the ruling of the court upon the admission and rejection of testimony.

It is urged by plaintiff in error that the fact that the receiver was a nonresident of Kansas, and had moved to Iowa, would deprive him of the right to prosecute this suit and obtain judgment. We find no case supporting this contention. The fact that a receiver is a nonresident at the time would not of itself render him ineligible, and the judgment appointing him void. At most, the judgment of the court appointing a nonresident as receiver would only be erroneous, and might even be reversed as an abuse of discretion in some jurisdictions, where it is held to be a final order; but such order could not be attacked in a collateral proceeding, as in the case at bar. Van Fleet, Coll. Att., § 3; *Cadle v. Baker*, 20 Wall. 650; *Richards v. People*, 81 Ill. 551–554; *Cook v. Citizens' Bank*, 73 Ind. 256–259.

The case of *Bawden v. Stewart*, 14 Kas. 355, is not in point. It is based upon § 11, art. 3, of the constitution, which provides that judicial officers (mentioned therein) "shall reside in their respective townships, counties or districts during their respective terms of office."

The opinion of the court was delivered by

HORTON, C. J.: A. S. Wilson was appointed receiver of the First National Bank of Greenleaf, in this state, on October 18, 1888, and duly qualified as such receiver the next day. As receiver, he immediately took possession of the assets of the bank, including the horse in controversy, removing the same from Greenleaf to Washington, where he lived. On

November 22, 1888, Wilson was discharged as receiver by an order of the court appointing him, and directed to return the property taken by him to T. J. C. Smith, president of the insolvent bank. This order was excepted to, and upon the proceedings in error was reversed in this court. (*Elwood v. National Bank*, 41 Kas. 475.) After the order of discharge was entered, but before it was reversed, Wilson returned the horse in dispute to a livery stable in Greenleaf, subject to Smith's order, and the horse remained there until December 8, 1888, at which time Smith, as president, and E. Nims, as cashier, of the insolvent bank, attempted to sell the horse, without authority of the board of directors of the bank. Nims bid in the horse upon a debt, which he claimed for feeding and keeping him, and credited the amount of his bid of $250 upon his account therefor. At the time he was a debtor of the bank in the sum of $638. On the 10th of December, 1888, Wilson was reinstated as receiver, and in a day or two demanded of Smith the return of the assets of the bank, including the horse in controversy. In February, 1889, Nims sold a half interest in the horse to Joseph C. Greenawalt, then residing in Atchison county.

It is urged that the trial court committed error in instructing the jury that no sale was made of the horse by Nims under the lien he claimed thereon for keeping, feeding and taking care of the same. There was no evidence showing or tending to show that Nims made any sale in accordance with the provisions of the statute, and therefore the court properly instructed the jury. (Gen. Stat. of 1889, ¶¶ 3664, 3669, 3673; 1 Jones, Liens, §§ 685, 1034; *Longstreet v. Phile*, 39 N. J. Law, 63.) As tending to show that Nims was indebted to the bank largely in excess of his supposed lien, the court committed no error in receiving in evidence the judgment in favor of A. S. Wilson, as receiver, *v.* E. Nims, and also the note and account owned by the bank, and upon which Nims was liable. (*Gardner v. Risher*, 35 Kas. 93; *St. L. Ft. S. & W. Rld. Co. v. Chenault*, 36 id. 51, 55.

4. Agistment—enforcement of lien—conversion.

The claim that there was no demand before the commencement of the action is not tenable.    There was some evidence tending to show a sufficient demand, but this court has decided that where a defense is founded upon title in a defendant, and the right of possession incident thereto, no proof of demand and refusal is required. (*Raper v. Harrison*, 37 Kas. 243; *Schmidt v. Bender*, 39 id. 437.)

2. Replevin—demand—refusal.

The pretended sale of the horse on December 8, 1888, was without any authority of the bank, and neither Smith, as president, nor Nims, as cashier, could make such a sale of the bank's property. (*Asher v. Sutton*, 31 Kas. 286; *National Bank v. Drake*, 29 id. 311; Morse, Banks, 107.)

1. Cases, followed.

It is also insisted that, although A. S. Wilson was a resident of Wasington county, in this state, when he was appointed receiver, and also when he commenced this action, that, as he became a nonresident before the trial, his powers as receiver had ceased; that the office was vacant, and that he had no authority to recover any judgment.    The appointment of a receiver cannot be assailed in a collateral proceeding.    Wilson was receiver in fact, and his appointment and retention in office are conclusive until set aside.    His authority was continued until properly annulled.    Van Fleet, Coll. Att., § 3; *Cadle v. Baker*, 20 Wall. 650; *Richards v. People*, 81 Ill. 551–554; *Cook v. Citizens' Bank*, 73 Ind. 256, 259.

3. Receiver—collateral attack.

We have examined the other alleged errors discussed, but find no merit therein.

The judgment will be affirmed.

All the Justices concurring.