## BIEBER *v.* GANS.

---

CONTRACTS; SEALED INSTRUMENTS; CONDITIONAL DELIVERY; WAIVER; ESTOPPEL; DAMAGES, ASSESSMENT OF.

1. The delivery, if conditional, of a sealed instrument, cannot be made to a party to it without waiving the benefit of the condition, unless the condition appears upon the face of the instrument (following *Newman* v. *Baker*, 10 App. D. C. 187, and distinguishing *Donaldson* v. *Uhlfelder*, 21 App. D. C. 489) ; but, if the possession is secured wrongfully, accidentally, or inadvertently, the instrument will be held never to have taken effect.

2. Where a written instrument under seal is complete on its face and unambiguous, and contains an unconditional promise to pay the sum sued for upon the happening of a certain event which, admittedly, has occurred, a recovery cannot be defeated by showing a collateral oral agreement between the parties that the written contract was to be conditional only.

3. A waiver to be valid and binding must be supported either by a consideration or by estoppel; so that it is no defense to an action on a bond, which provides that if, on the sale of certain property, an interest therein, sold by the obligor to the obligee, should realize less

than a given sum, the obligor would pay to the obligee the difference between the sum realized and the sum so stipulated to be paid,—that prior to a sale of the property under a deed of trust which was on the property when the bond was given, the obligor offered to the obligee to protect the property from the sale by placing thereon a new deed of trust, but that the obligee refused to permit him to do so, for the reason that he himself intended to protect his interest in the property, and that the obligee agreed to, and did, excuse the obligor from in any wise protecting the property.

4. In an action on a bond for a liquidated sum of money due by the express terms of the instrument, it is not error for the trial court, in sustaining the demurrer to a plea to the declaration, to refuse to permit the damages suffered by the plaintiff to be assessed by a jury, and to enter up judgment for the amount claimed in the declaration. (Following *Clark* v. *Harmer,* 5 App. D. C. 114.)

No. 1420.   Submitted December 9, 1904.   Decided January 10, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action on a bond.            *Affirmed.*

The COURT in the opinion stated the case as follows:

This case is before the court on appeal from a final judgment of the court below in a suit at law.

The appellee, Charles Gans, filed a declaration in covenant against the appellant, Samuel Bieber, for the recovery of $2,-000, together with interest thereon from April 2, 1903, and costs of suit.   The instrument sued upon was a bond, under and by virtue of which the appellant obligated himself to the appellee as follows:

"That when the above-mentioned Morrison property, situated in the city of Washington aforesaid, shall be sold, and should the said three-tenths' interest in said property owned by the said Charles Gans realize less than the sum of $2,000, which is the consideration the said Charles Gans has paid for said interest, then, and in that event, the said Samuel Bieber will pay to the said Charles Gans the difference between what the said three-tenths' interest shall realize at such sale and the sum of $2,000,

so that the said Charles Gans shall receive the sum of $2,000 in full, without any loss to the said Charles Gans by reason of any depreciation in the value of said property."

The declaration alleges that after the execution of the bond the property was sold, and that the interest of said Charles Gans (the appellee) did not realize the sum of $2,000, or any part thereof; that demand has been made upon the appellant by the appellee to perform his covenant by paying this sum of $2,000, and that the appellant refuses so to do; wherefore the appellee brings suit to recover of the appellant $2,000, together with interest from April 2, 1903, (the day following the date upon which the property referred to in the bond was sold) and costs.

The appellant filed four pleas to the appellee's declaration.

The first three pleas set up, in substance, that there never was an absolute delivery of the bond; that at the time of its execution and before its delivery there was standing against the property described in the declaration a certain deed of trust, and that said bond was executed and delivered to the appellee upon the condition that it was not to become operative except in the event of a sale of said property by the appellant himself, and not in the event of a sale under said deed of trust; that, this being the understanding and agreement of the parties at the time of the delivery of the bond, and the property having been subsequently sold under the deed of trust, and not by the appellant himself, said bond never became operative between the parties.

The fourth plea sets up that, after the execution of said bond and when said property was about to be sold under said deed of trust, the appellant made due offer to the appellee to protect said property from such sale by placing thereupon a new deed of trust for an amount sufficient to discharge said existing trust, together with all costs, charges, and expenses, and then and there tendered himself ready and willing to do and perform everything necessary on his part to be done and performed, but that the appellee refused to permit the appellant to so protect said property and the interest of the appellee therein against said sale, for the reason that he, himself (the appellee), intended to protect his interest in said property, and that he (the ap-

pellee) then and there, in consideration of the premises, agreed to, and did, excuse the appellant from in any wise protecting said property; but that the appellee, instead of protecting the property, as he had agreed, permitted it to be sold by the trustees under and by virtue of said deed of trust, and thereby relieved the appellant from all liability under said bond.

The appellee filed a demurrer to all four pleas, and made a motion for judgment. The court below sustained the demurrer, granted the motion, and entered judgment accordingly. From this judgment the present appeal has been taken.

*Mr. Alexander Wolf* and *Mr. Maurice D. Rosenberg* for the appellant.

*Mr. Myer Cohen, Mr. Adolph G. Wolf,* and *Mr. Eugene A. Jones* for the appellee.

Mr. Justice ANDERSON, of the Supreme Court of the District of Columbia, who sat with the court in the hearing of this cause in the absence of Mr. Chief Justice ALVEY, delivered the opinion of the Court:

The chief question for consideration is whether or not the appellant's pleas set up a good defense to the action.

Under his first three pleas, the appellant contends that he has a two-fold defense to the action:

First. That the delivery of the sealed instrument to the appellee was conditional.

Second. That the condition upon which the sealed instrument was delivered constitutes a valid and binding collateral agreement between the parties, the terms of which have not been complied with by the appellee.

1. While it is true that there can be a conditional delivery of an instrument, even though it be a sealed one, and a failure of the condition will prevent the instrument from becoming operative, it is equally true that, in the case of a sealed instrument, the delivery, if conditional, cannot be made to a party to it with-

out waiving the benefit of the condition, unless the condition appears upon the face of the instrument itself. *Moss* v. *Riddle,* 5 Cranch, 351, 3 L. ed. 123, Chief Justice Marshall; *Newman* v. *Baker,* 10 App. D. C. 187: In the latter case, this court said:

"The rule is that a deed or any other sealed instrument cannot be delivered to the grantee or obligee himself as an escrow, to take effect upon a condition not appearing on the face of the deed or other sealed instrument. The delivery must be to a stranger; otherwise the deed or other sealed instrument becomes absolute at law" (p. 197).

There are, of course, cases in which, although sealed instruments have gotten into the possession of a party to them, they are held never to have taken effect; but these are cases in which the possession by the party himself was secured either wrongfully, accidentally, or inadvertently, and not where a delivery was intentionally made to a party himself (with a reserved condition, however, understood between them but not appearing upon the instrument). *Calhoun County* v. *American Emigrant Co.* 93 U. S. 127, 23 L. ed. 826.

The case of *Hartford F. Ins. Co.* v. *Wilson,* 187 U. S. 467, 47 L. ed. 261, 23 Sup. Ct. Rep. 189, cited by the appellant, was one in which, in the first place, there never was any intentional delivery (conditional or otherwise) to a party himself, and, in the second place, the instrument was not a sealed one. In the case of *Burke* v. *Dulaney,* 153 U. S. 228, 38 L. ed. 698, 14 Sup. Ct. Rep. 816, also cited by the appellant, the instrument was simply a promissory note; and, in the case of *Donaldson* v. *Uhlfelder,* 21 App. D. C. 489, the instrument was a signed lease, and not a sealed one.

The case of *Clark* v. *Gifford,* 10 Wend. 311, cited by the appellant, did, it is true, involve a sealed instrument, but the delivery was made to a third person. And in the case of *Leppoc* v. *National Union Bank,* 32 Md. 136, the sealed instrument involved was never actually delivered to, or accepted by, a party to it at all; it was simply acknowledged and recorded by the grantor and retained by him to await an expected development which did not take place.

2. The next inquiry is as to whether the condition, although invalid as affecting the delivery of the sealed instrument to a party to it, is valid as a collateral agreement between the parties. It is to be observed that the instrument here sued upon is complete on its face, unambiguous in its terms, and under seal, and contains an unconditional promise to pay the sum sued for upon the happening of an event which, it is admitted, has occurred. Applying, therefore, the doctrine laid down by the Supreme Court of the United States in the case of *Seitz* v. *Brewers' Refrigerating Mach. Co.* 141 U. S. 510, 35 L. ed. 837, 12 Sup. Ct. Rep. 46, as follows: "Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proved by parol, if, under the circumstances of the particular case, it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing,"—it is manifest that the condition set up by the appellant is no more sustainable as a collateral agreement than it is as a qualification upon the delivery of the sealed instrument itself.

3. The next question is whether or not the appellant's fourth plea sets up facts which constitute a waiver on the part of the appellee of performance on the part of the appellant under the terms of the bond. The appellant sets up in this fourth plea that he offered to protect the property from sale under said deed of trust by substituting therefor a new deed of trust sufficient in amount to discharge said existing deed of trust, together with costs, charges, and expenses, and tendered himself ready and

willing to do and perform everything necessary on his part to be done and performed, but that the appellee refused to permit the appellant to so protect the property against sale, for the reason that he himself (the appellee) intended to protect his interest in the property, and thereupon agreed, in consideration of the premises, to excuse the appellant from protecting the property.

It is to be observed that nowhere in this plea is there a single allegation that the appellee ever agreed to release the appellant from his obligation under the bond, but simply that he agreed to excuse him from doing something which he was not obligated to do at all, and which had nothing whatever to do with the bond, namely, from protecting the property against sale under the deed of trust. It cannot, therefore, be said that the appellee has, of his own accord, waived performance of the terms of the bond. Nor is there anything in the plea which can be construed as setting up a waiver by estoppel, or, in other words, that the appellant has, by any act of the appellee, been actually misled to his detriment. The appellant, it is true, complains in his plea that the appellee permitted the property to be sold under the deed of trust, although he had agreed not to do so; but, in the first place, such agreement on the part of the appellee (if it were ever made) was not supported by any consideration, and, in the second place, it is not alleged in the plea that at the time the appellee permitted the property to be sold under the deed of trust the appellant was not aware of it. A waiver to be valid and binding must be supported either by a consideration or by estoppel.

As is well said in appellee's brief, the bond sued on imposed no duty on the appellee to protect the property from sale under the deed of trust, and it likewise imposed no duty on him to permit the appellant to protect it from sale.

4. The only remaining question is whether the court below erred in refusing to permit the damages suffered by the plaintiff (the appellee here) to be assessed by a jury. The suit was brought for a liquidated sum of money due under the express terms of a sealed instrument or bond. The declaration set out the condition of the bond, the breach of the condition, and the

amount of money due and sought to be recovered under the very terms of the bond itself. The case is quite different from that of an action of covenant sounding in damages, where the amount due the plaintiff is uncertain and depends upon matters *dehors* the record, and hence requiring proof *aliunde* for its ascertainment. Here the amount sought to be recovered "is fixed and ascertained by the instrument itself * * * and thus proves itself." *Clark* v. *Harmer,* 5 App. D. C. 115; *Simonton* v. *Winter,* 5 Pet. 149, 8 L. ed. 78.

The appellant's pleas being properly held insufficient, the court below was justified in entering judgment in favor of the appellee for this liquidated sum of money without the useless interposition of a jury.

Finding no error in the judgment below, it is affirmed, with costs.                                              *Affirmed.*