## MELLOR *v.* VALENTINE.

1. Where one conveys the fee of an estate, the deed of which is recorded, and receives a bond to reconvey upon certain conditions, which is not recorded, he shall not be permitted in an action to charge the estate with a mechanic's lien, and, after standing silently by and seeing the work progress, to either defeat the lien or diminish his grantee's estate by the production of the unrecorded bond.

2. The fact that a contract for repairs is made with several, does not affect the lien, if one of the parties is the owner.

3. The legal effect of the seventh section of the Lien Act (1872, p. 151) is to give the mechanic a lien from the date the labor was commenced or the first of the materials furnished.

4. The manifest object of the same section (act 1872) is to protect the mechanic against injury by alienation during the progress of the work. Subsequent alienations are subordinate to the right of the mechanic engaged, and who continues to work under previous employment by the vendor.

5. Where the work done or materials furnished is continuous in its character, the contract must be regarded as an entirety, and the lien attaches for work done and materials furnished after as well as before the purchase.

6. It is essential that the contract be with the owner or the agent, and the mechanic must ascertain the nature of the interest in the land of the person with whom he contracts.

*Appeal from District Court of Gilpin County.*

PETITION for mechanic's lien was filed by Valentine, the appellee, in the district court of Gilpin county, against Young, Mellor and Jones. The petition alleges among other things : That petitioner, on the 11th day of June, entered into a contract with Nathaniel Young, who was then owner of an undivided one-half of a theater building, and was the owner of the ground on which said building stands, to work and labor for said Young as a carpenter and joiner in repairing said building at the agreed price of $4.50 per day ; that at the same time Young authorized petitioner to hire men to work for said Young in repairing said building, and to purchase and furnish materials for said repairing.

That in pursuance of such authority petitioner furnished materials and labor for said repairs, and employed certain carpenters and teamsters named in his petition, and that at the request of petitioner, as agent for Young, a number of persons furnished materials which were actually used in the repair of said building. That the parties furnishing labor and materials verified their claims as required by statute and then assigned them to petitioner, and that he claims to hold a lien therefor, that the several sums are due, etc. That defendants Mellor and Jones own an interest in the premises subject to his lien ; that service of notice was had, etc., and prays a lien for work of petitioner, and for the labor and materials furnished by the others named, etc.

Young made default. Mellor and Jones answered that "Young, on the 11th day of June, '72, was not the owner of the said premises, and that they have no knowledge of the contract alleged, and neither admit or deny same, and neither admit or deny that petitioner was authorized to hire men or purchase materials, and neither admit or deny that the several persons furnished the labor and materials as charged in petition. Deny the verification and assignment

of the claims ; neither admit or deny whether the several amounts are due," etc. "That, on the 3d day of June, 1872, and for a long time prior thereto, Jones, defendant, owned the undivided one-half of the said theater building and the west half of the lot on which the same is built, and was then and there and for a long time prior had been in possession of the same. That on said 3d day of June, he sold and conveyed the same to Young, and that on the same day Young gave his bond to said Jones to re-convey said premises, and other property, to Jones, for the sum of ten thousand dollars, to be paid on or before the 1st day of August, A. D. 1872, which was duly filed in recorder's office on the 17th day of June, 1872.

That Jones paid Young said ten thousand dollars on the 17th day of June, 1872, and Young thereupon conveyed said premises to Jones, and that Jones afterward conveyed same to defendant Mellor.

That all said supposed liens are subject to said title so acquired by said Mellor; that Jones has now no title to or interest in the premises."

After replication filed, the cause was referred to take proofs ; upon the coming in of the master's report, the cause was submitted upon the petition, answer and master's report, and the court rendered a decree granting a lien upon the west twenty feet of the lot upon which said building is situated, and ordering that defendants pay for the whole of said work, labor and materials, and in default thereof the part of lot owned by defendant Mellor be sold to satisfy the sum of $706.89, and costs of suit. The deeds and the bond set up in the answer and produced in evidence describe the land as in the decree. Mellor appealed to this court.

It appeared that Mellor was in the building three or four times, and that Jones was there every day or two during the time the work was going on.

Mr. James B. Belford and Mr. Clinton Reed, for appellant.

Mr. L. C. Rockwell, for appellee.

ELBERT, J. Jones, by his recorded deed, conveyed the fee to Young, and thereby held him out to the world as the owner of the premises sought to be charged with this lien.

He cannot be permitted to stand by in silence and see the work go on, and afterward defeat the lien, or diminish Young's estate by the production of Young's unrecorded bond to re-convey. 1 Story's Eq. Jur. 385, *et seq.;* Phillips' M. L., § 225 ; *Higgins* v. *Furgeson,* 14 Ill. 269 ; *Donaldson et al.* v. *Holmes et al.,* 23 id. 88 ; *Wendall* v. *Rensselaer,* 1 Johns. Ch. 344; *Storrs* v. *Barker,* 6 id. 166; *Phillips* v. *Clark,* 4 Metc. (Ky.) 348.

For the purposes of this lien, and as against Jones and his grantees, Young must be treated as owner in fee of the property at the date of his contract for repairs.

The fact that the contract for repairs was with Allen, as well as Young, does not affect the lien.

If the contract be made with several parties, one of whom is the owner, it is sufficient.    *Van Court* v. *Bushnell,* 21 Ill. 624; *Roach* v. *Chapin,* 27 id. 194.

The legal effect of section 7 of the Lien Act of 1872 is to give the mechanic a lien from the date the labor was commenced, or the first of the materials furnished.

The manifest object is to prevent wrong to the mechanic by alienations or incumbrances during the progress of the work.   Subsequent alienations or incumbrances are not prevented, but made subordinate to the right of the mechanics who, at the time, were engaged in working, and continued afterward to work under previous employment by the vendor.   Phillips' M. L., §§ 228–229 ; *Monroe* v. *West,* 12 Iowa, 119 ; *Miller* v. *Kaufman et al.,* 14 Md. 173.

It is objected that the lien was allowed for work done and materials furnished after the 17th of June, the date of the purchase.

Where the work done, or materials furnished, is continuous in its character, the contract is to be regarded as an entirety, and the lien attaches for work done and materials furnished, after, as well as before the purchase.   Phillips' M. L., §§ 228, 229, 230 ; *Jones* v. *Swan,* 21 Iowa, 181 ; *Mon-*

*roe* v. *West*, 12 id. 119 ; *Milner* v. *Norris*, 13 Minn. 455 ; *Miller* v. *Kaufman et al.*, 14 Md. 173.

The rule is modified in this case by the fact that Jones and Mellor were cognizant of the repairs, and silently acquiesced in their continuance. Under the statute the notice is to be filed within forty days after the work is *completed ;* in the case of sub-contractors, within twenty days after the *last* work is performed, or the *last* material furnished. The lien attaches from the time the work was *commenced,* or *first* of the materials furnished.

This language clearly contemplates an open current account, consisting of different items, furnished at different times, and that such an account be treated as an entirety.

This, however, in no wise dispenses with the necessity of showing a previous hiring, or contract with the owner or his agent under which the work was continuously done or materials continuously furnished.

That the work done and materials furnished by each original claim owner in this case were continuous, and each founded on a previous contract with the owner or his agent, is not called in question, except as to the claims to be now considered.

The account of Buel and Burlingame commenced on the 24th of June, seven days after the conveyance to Jones and Mellor, and cannot be said to be founded on a contract with the then owner or his agent.

That the contract should be with the owner or agent is essential. The law imposes on mechanics, like other persons, the necessity to ascertain for themselves the nature of the interest in the land to be improved, of the persons with whom they contract, and all negligence in this regard is charged to their account. Phillips' M. L., § 225.

The lien for this claim was improperly allowed.

The work of Silas W. Long and William H. Sebastian commenced on the 17th of June, the date of the conveyance to Jones and Mellor. To prefer the lien, we must say that the conveyance was subsequent to the commencement of the work ; to prefer the conveyance, we must say that it

was previous to the commencement of the work. We are unable to say that either was the fact. They were concurrent as to the day, and there is nothing to show at what hour of the day the work was commenced, or the deed recorded. The *onus*, however, is on the lien claimant to establish his right to priority under the statute, and having failed in this the lien should not have been allowed as to these two claims.

The decree of the court below will be modified, and the lien discharged as to the claims of Buel and Burlingame, Sebastian and Long.

It is also irregular in several particulars, unnecessary to specify, which will be corrected by the decree of this court.

In all other respects the decree of the court below is affirmed, and the appellant will be allowed his costs in this court.

*Affirmed.*