SYMMS-POWERS COMPANY et al., Respondents, v. KEN-NEDY et al., Defendants (Kennedy, Appellant.)

(146 N. W. 570.)

1. **Arbitration and Award—Building Contract—Notice of Non-compliance—Grounds For Arbitration—Condition Precedent to Action.**

   Where a contractor was not notified that owner's failure to pay for installation of a heating or a plumbing plant was because of his claim that the plant did not comply with specifications in the contract, it was not bound to submit the matter to arbitration as provided in the contract in the event of a difference as to compliance with specifications, but could maintain an action for the price; and the mere neglect to pay the price gave contractor no notice that any difference existed between the parties requiring a submission to arbitration.

2. **Pleadings—Contract—Performance of Conditions Precedent—Proof Under General Denial.**

   While, under Sec. 139, Code Civ. Proc., a contractor, in a suit upon a building contract, was not required to allege facts showing performance of conditions precedent contained in contract, but could state generally such performance, yet if such allegations were controverted it was necessary for it to establish facts showing such performance.

3. **Same—Building Contract—Condition Precedent—Contractor's Bond—Requisite Proof Under General Denial—Specifications With Denial.**

   In a suit on contract for installation of heating plant, requiring, as condition precedent to recovery thereon, that contractor furnish bond guaranteeing compliance with specifications, held, that a general denial to a complaint alleging full performance raised the issue of furnishing of the bond, and

required contractor to establish such fact on the trial, under Code Civ. Proc., Sec. 139. **Held**, further, that the mere fact that defendant, in addition to the general denial, specially pleaded non-performance in some other respects, did not admit performance as to furnishing the bond.

4. **Contract—Building Contract—Construction—Furnishing Guaranteeing Bond, Non-forfeiture for Failure to Give.**

Where a contract for installation of heating plant provided that payment therefor was to be made when contractor had given bond guaranteeing compliance with specifications, forfeiture under the contract did not result from failure to give bond, but the right to recover thereunder was postponed until execution of the bond, or a waiver thereof by owner.

5. **Pleadings—Building Contract—Guaranteeing Bond—Non-allegation of Waiver—Proof of Waiver.**

Where, in a suit on building contract, complaint failed to allege waiver by defendant of a provision therein requiring plaintiff to give bond guaranteeing compliance with specifications, evidence showing waiver was not admissible.

6. **Contract—Building Contract—Waiver of Provision for Bond—Use of Building.**

Where an owner urged a contractor to install a heating plant, and used the building after such installation, **held**, that he did not, by so doing, waive a provision in the contract requiring contractor to give bond guaranteeing compliance with the specifications, when he knew such bond had not been given; since owner's right did not depend on the bond, but giving of same was a condition precedent to contractor's right to recover.

7. **Pleadings—Amending Answer—Conformity to Proof—Abuse of Discretion.**

In a suit on building contract, **held**, the trial court abused its discretion in refusing to permit defendant to amend his answer, in conformity with proof already admitted, so as to allege failure by contractor to give bond guaranteeing performance under contract.

8. **Contract—Substantial Performance—Heating Plant—Inconsistent Findings.**

Where it would require the addition of 300 feet of radiation, as set forth in one finding, to make a heating plant comply with contract, **held**, the trial court erred in also finding that there had been a substantial performance of the contract.

9. **Building Contract—Delay in Furnishing Guaranteeing Bond—Recovery.**

Where the giving of bond by a contractor was a condition precedent to recovery on building contract, **held**, the execution of such bond, execution of the bond after trial but before

entering of findings and conclusions was unavailing, the right
to recover being determinable as of date of institution of suit.

10. **Mechanic's Lien—Sub-contractor's Right—Performance by Contractor—Excess of Amount Claimed.**

In an action by contractor and sub-contractors to enforce
liens, where contractor was not entitled to recover because
of failure to give bond under its contract, **held,** the sub-contractor could not recover for any amount in excess of its lien
as filed.

11. **Mechanic's Lien—Sub-contractor's Right as Materialman—Nothing Due Contractor.**

Though there is nothing yet due from an owner to an original
contractor under the contract, but the amount of contract
price between them exceeds the amount claimed by a materialman as sub-contractor, **held,** the subcontractor is entitled to
a mechanic's lien for the amount of his lien claim; following
Albright v. Smith, 2 S. D. 577.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH
W. JONES, Judge.

Action by the Symms-Powers Company against C. B.
Kennedy, with which was consolidated an action by the Plumbing Supply Company against said defendant, to enforce mechanics liens. From a judgment establishing mechanics' liens in favor
of both plaintiff and the Supply Company, defendant, owner of
the property affected by the liens, appeals. Judgment for
Symms-Powers Company reversed, and that in favor of Plumbing Supply Company modified and affirmed.

*C. B. Kennedy,* and *Brown & Brown,* for Appellant.

As a condition precedent to the defendant's obligation to
pay, plaintiff must furnish a bond guaranteeing to defendant
that the heating plant is installed in accordance with the contract and the specifications, and that it would heat the building
as therein provided. Section 1122 in Civil Code; Johnson v.
Schar, 9 S. D. 541, 70 N. W. 838; Davis et al. v. Jeffris, 5 S.
D. 352, 58 N. W. 815.

The express provisions of the contract show that the bond
was not to be furnished until the heating plant was installed,
but was to be furnished before payment was made.

There could be no waiver of this provision by allowing the
work to proceed before the bond became due.

No waiver of this obligation is plead, and all evidence of a waiver would be incompetent, unless the waiver was plead. The plaintiff alleges performance, and a party cannot plead performance and recover under proof of a waiver of performance. Jerome v. Stebbins, 14 Cal. 457; Bernhard v. The Washington Life Ins. Co., 40 Ia. 442; Oakley v. Norton, 11 N. Y. 25; Penwell v. Wilkinson, (Mich.) 56 N. W. 235; Boon v. State Ins. Co., (Minn.) 34 N. W. 902; Encyc. of Pleading and Practice, Vol. 4, p. 631; Fountain City Drill Co. v. Lindquist, (S. D.) 114 N. W. 1098.

Submission to arbitration under this contract is a condition precedent to the bringing of an action, and until complied with no cause of action arose in favor of the plaintiff. Elliot v. Missouri, K. & T. Ry. Co., 74 Fed. 709; Kihlberg v. U. S., 97 U. S. 398; Sweeney v. U. S., 109 U. S. 618, 3 Sup. Ct. 344; Railroads Co. v. March, 114 U. S. 549, 553, 5 Sup. Ct. 1035; Railroad Co. v. Price, 138 U. S. 185, 11 Sup. Ct. 290; McGuire v. Rapid City, (Dak.) 43 N. W. 707; Scott v. Avery, 5th House of Lords, cases 811.

The court erred in making its 5th finding of fact finding that plaintiff substantially performed the contract.

This contract shows that it was not the intention of the parties that substantial performance would be sufficient, but if there was any deficiency, then the contractor shall supply that deficiency.

## IN REPLY.

At the close of the evidence it appears as a fact that the bond had not been given and arbitration had not been had and the motion to dismiss should have been sustained. At this time no waiver was plead or proved. McQueen v. Bank of Edgmont, 107 N. W. 208; Hickox v. Eastman, 114 N. W. 706; Smith v. Cleaver, 126 N. W. 589, all South Dakota cases. No waiver had been plead, and no evidence of any is in the record and without pleading, it was incompetent to prove any such issue in the case. Mince v. Oklahoma Insurance Company, (Okl.) 120 Pac. 94; Holt v. Holt, 102 Pac. 187; Cooper v. Fleser, 23 L. R. A. (N. S.) 1180, 103 Pac. 1016; Blackman v. Johnson, 103 Pac. 554.

We do not contend for a forfeiture. We say that the respondent is entitled to pay as provided by the contract.

The obligation to put in the additional 300 feet of radiation was a condition precedent which the contractor must comply with before the defendant, the owner, was under any obligation to pay him, and the bond was to be given to guarantee that he would do this thing, and he having not done it, there was no cause of action due against the defendant.

No demand for arbitration was necessary before bringing suit. Seim v. Krouse, 13 S. D. 530, 83 N. W. 583.

The court had held that the burden was upon the defendant to plead that the plaintiff had not delivered the bond, made the additions and had failed to procure arbitration. In order to comply with this holding of the court, we asked leave to amend, but he refused it. If it was the law, we should have been allowed to amend to correspond with the proof.

The statement for a lien filed by the Plumbing Supply Company was only $627.38, and the court allowed them a judgment for $996.61, about $379 more than was included in the statement filed.

This act on the part of the court cannot be sustained.

*U. S. G. Cherry,* and *Herbert Abbott,* (of counsel) for Respondent, Plumbing Supply Company.

*A. J. Keith,* for Respondent, Symms-Powers Company.

Even if the failure to furnish the surety bond would otherwise constitute a defense, it is not available to defendant. It was not pleaded as a defense, nor was the question in any manner raised by defendant in the pleadings, until long after the taking of testimony had been concluded.

In one breath appellant says the contract is forfeited and void as against him, and in the next breath says the contract is in full force and effect in his favor, and he claims by way of counterclaim numerous benefits and rights thereunder.

Defendant has seen fit to set up by way of counter-claim in the pending action, the very rights which the bond would guarantee to him, and which he claims have been infringed. He has, therefore, waived the bond itself. Healy v. Fallon, 69 Conn. 228; 37 Atl. 495; Summerlin v. Thompson, 31 Fla. 363; 12

So. 667; Preston v. Syracuse, 36 N. Y. S. 716; 92 Hun. 301; Meyer v. Berlandi, 53 Minn. 59; 54 N. W. 937.

As to the question of acceptance and waiver, defendant Kennedy during all the time the work was in progress, and even after it completion, ignored the clause in the contract with reference to the bond. There was an acceptance of the work and a waiver of the giving of the bond. Goldsmith v. Hand, 26 O. S. 101.

In order that the defendant Kennedy may have the benefit, if any there be, of a surety bond, strictly and specifically as provided for in the written agreement, the Symms-Powers Company has, after the close of the taking of the testimony herein, and after the oral argument and during the pendency of this matter in the lower court, and before the close of the trial thereof, made, and here and now does make, and offer to furnish such surety bond, and has filed such written offer herein.

The right of the Plumbing Supply Co., to sustain and enforce its mechanic's lien for the sum of $627.38, for which sum it filed a lien claim, together with interest and costs, as adjudged by the court, cannot be questioned in this court by defendant Kennedy. Albright v. Smith, 3 S. D. 631; Id. 2 S. D. 577; Hightower v. Bailey, 108 Ky. 198; 49 L. R. A. 255; 94 Am. St. Rep. 350; 56 S. W. 147.

WHITING, J. The Symms-Powers Company, as party of the first part, and one Kennedy, as party of the second part. entered into a written contract wherein the company contracted to install a heating and plumbing system in an opera house then in course of erection by Kennedy; the contract price for installing both systems being one lump sum. The only provisions of this contract necessary to be noted are: (1) that the consideration for the installation of said plants was to be paid "provided that the party of the first part shall have furnished to the party of the second part a good and sufficient surety bond in the sum of one thousand dollars guaranteeing to the party of the second part that said heating plant is installed in accordance with this contract and the specifications thereto attached and will heat the buildings as therein provided, or, in default thereof in any respect, the party of the first part will, upon notice thereof and with all reasonable expedition, repair any defects in the

installment thereof as shall be necessary to make it comply fully with this contract and specifications." (2) That, "if, upon full completion of the contract, any difference shall arise between the parties hereto as to the installation of the said plant complying with the plans and specifications, such difference shall be referred to a board of arbitrators"—such arbitrators to be chosen in the manner specified in said contract, and their decision upon the matter in dispute to be final upon the said parties.

Under this contract the Symms-Powers Company installed a heating and plumbing plant. The Plumbing Supply Company furnished all or a large part of the material used by the contracting company. The plants having been installed and the contract price remaining unpaid, each of said companies filed a mechanic's lien against the building and the lot whereon it was situate; the contracting company filing its lien in the full amount of the balance claimed to be due under the contract, the other company filing a lien in the amount claimed to be due it from the contracting company. Kennedy having notified each of said companies to bring an action to enforce its lien or else to satisfy the same of record, each company brought an action to foreclose its lien, in which action Kennedy and the other company were made defendants. It appearing that it was a proper case therefor, the trial court ordered the two actions to be consolidated and the issues tried in the action wherein the contracting company was the plaintiff. By a supplemental and amended complaint, the "Supply" company pleaded an error in the amount of its lien as filed and prayed that it be given a lien considerably in excess of the amount of the filed lien. Findings, conclusions, and judgment were entered in favor of the two companies; by such judgment the contracting company was given a lien for the full amount claimed less $120 deducted for failure to fully comply with its contract, but from the amount of such judgment the supply company was to be paid the full amount claimed by it. Kennedy appealed from such judgment and an order denying him a new trial. We shall first discuss this appeal as though the supply company had not been and were not a party to the action.

Plaintiff, in its complaint, alleged the entering into a written contract for the installation of the two systems and that it had per-

formed the same in full; it pleaded no waiver of any condition thereof. Defendant, answering, after interposing a general denial, admitted entering into the contract, but alleged that the plaintiff did not perform the contract according to the terms thereof, and he set forth in considerable detail wherein the heating plant failed to comply with such contract. · Defendant also alleged that plaintiff had failed, prior to bringing the action, to submit matters in difference to arbitrators. Defendant did not specifically plead the failure of plaintiff to furnish the bond hereinbefore mentioned.

Plaintiff introduced in evidence the written contract and proof of the installation of the two plants. It offered no proof that it had furnished the bond, or that it had offered to submit any difference to arbitration. There was no evidence to show that plaintiff was ever advised that defendant refused payment on the ground htat the plants had not · been properly installed. When plaintiff rested, defendant moved for a dismissal of plaintiff's complaint basing such motion upon plaintiff's failure to prove the giving of such bond, and upon its failure to submit matters in dispute to arbitration. The court overruled this motion. Defendant, at the opening of his defense, offered evidence to show that the bond had not been furnished. This was objected to upon the grounds, among others that it was "in no way referred to in the pleadings," and that "it appears undisputed in the evidence, up to this stage, that the defendant waived any claim, and accepted the performance of the contract with the knowledge that the bond had not been furnished and that the parties waived any such provision." The objections were sustained. Defendant immediately asked leave to amend his answer so as to correspond with the proof offered. This was refused. Evidence was received that a demand was made for the bond, and it stands conceded and the court found that no bond was given. At the close of all the evidence, defendant again asked leave to amend his answer to conform to the evidence that had been received, and in connection with such motion presented his proposed amended answer, in which answer he alleged the failure of plaintiff to furnish the bond. The court refused the amendment. Defendant then renewed his motion for a dismissal of plaintiff's complaint for failure to prove compliance with the provisions for bond and for

arbitration. · This motion was denied.  While there are numerous errors assigned, the only ones we find it necessary or useful to discuss are those based upon the rulings above referred to.

[1] There being no evidence showing that respondent's attention had ever been called to the fact that appellant claimed either the heating or plumbing plant to be deficient, the trial court did not err in refusing to dismiss the complaint because of respondent's failure to submit differences to arbitration. The mere fact that appellant had neglected to pay the contract price for installing these plants gave respondent no notice that any difference had arisen between the parties requiring a submission to arbitration.

[2-6] While the respondent was not, under the statute (section 139, C. C. P.), required to set forth the facts showing performance of the conditions precedent contained in the contract but was authorized to state generally the performance thereof, yet, under the provisions of the same statute, if such allegations were controverted, it became incumbent on it "to establish, on the trial, the facts showing such performance." Appellant's general denial raised the issue; the mere fact that he saw fit to set up the particulars wherein he claimed the heating plant did not comply with the contract, and to plead specifically the alleged failure of respondent to submit differences to arbitration, did not in any manner admit the performance of the other parts of the contract or waive proof of same. Respondent urges that appellant is claiming a forfeiture of the contract owing to respondent's failure to furnish bond, and that such claim of forfeiture is inconsistent with certain counterclaims for damages which formed part of appellant's answer and which were based upon alleged failures in performance of the contract. There is nothing in respondent's contention; appellant does not, and could not, contend that a failure to give the bond forfeited the contract or respondent's rights thereunder; respondent has lost none of its rights under the contract, but its right to recover thereunder is, by the terms of the contract itself, postponed until such time as it should give the bond, or appellant should waive the giving thereof. Neither can respondent rightfully urge, as it does in its brief, that the evidence shows a waiver of the giving of the bond. Under its complaint it could not prove nor rely upon a waiver. Anders v. In-

surance Co., 62 Neb. 585, 87 N. W. 331. Furthermore there were no facts proven which would constitute a waiver; that appellant urged respondent to install the plants when he knew the bond had not been furnished, that he used the building after the plants had been installed, did not amount to an acceptance of such plants and a waiver of defects therein. In fact, appellant's right to the bond in no manner depended upon there being defects in either of these plants; if the proof had shown that the contract had been in every respect complied with so far as the installation of perfect plumbing and heating systems, it would in no manner have relieved respondent from its obligation to furnish the bond, or permit of his recovering the contract price untill such bond was furnished. Respondent was bound to prove the performance of the condition precedent, and, having failed so to do, appellant's motion to dismiss should have been granted.

[7] But, even if it were not error for the trial court to deny appellant's motion to dismiss the complaint, and even if it were incumbent upon him to specifically plead respondent's failure to furnish bond, it was an abuse of the discretion vested in the trial court for it to refuse to permit appellant to amend his answer so as to allege the failure to give the bond.

[8] Inasmuch as our conclusion herein requires a reversal and new trial as between Kennedy and the Symms-Powers Company, we feel justified in referring to another matter that may be presented to the court upon a new trial. The court found that there had been a substantial performance of the contract, and yet found that it would require an addition of 300 feet of radiation to make the heating plant comply therewith. To us, these two findings appear inconsistent. With the heating plant so deficient, we can hardly see wherein the trial court was justified in finding that there had been a substantial compliance with the terms of such contract.

[9] Long after the trial, but before the entering of findings and conclusions, the respondent offered to furnish the bond. No bond was executed and presented; but even if there had been, it could not have given respondent a right to recover when it had no such right at the time it instituted the suit.

[10] The supply company urges that, even though the judgment be reversed as to the contracting company, yet it should be

sustained as to it; in other words, it contends that its right to enforce its lien in no manner depends upon whether or not the contractor had fulfilled its contract. There can be no question but that its right to recover any sum in excess of the amount claimed in its lien as filed depended upon the recovery by the contractor under its lien; therefore, to the extent that the judgment of the trial court allowed a recovery by the supply company in excess of the amount of its lien as filed, such judgment must be modified.

11. Can a subcontractor recover for material or labor furnished where, under the terms of the contract between the contractor and the property owner, there is nothing yet due the contractor, but the amount of the contract price between the property owner and the contractor exceeds the amount claimed by the material man? That a subcontractor or materialman is entitled to a lien under such circumstances is the established law of this state. (Albright v. Smith, 2 S. D. 577, 51 N. W. 590; Id. 3 S. D. 631, 54 N. W. 816), and is in harmony with the great weight of authority. The reasons for such holding are fully set forth in the two opinions in the above case. The authorities, both federal and state, supporting this holding are collected in Hightower v. Bailey & Kochner, 108, Ky. 198, 56 S. W. 147, 49 L. R. A. 254, 94 Am. St. Rep. 350, wherein special mention is made of the reasoning of this court in its first opinion in Albright v. Smith.

The judgment in so far as it is in favor of Symms-Powers Company is reversed, with costs for appellant. The judgment in favor of the Plumbing Supply Company should be modified so that it be limited to the amount claimed in the lien filed and interest thereon; as so modified, it is affirmed, without costs to either party.